UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                         Case No. 03-80079
                                         HON. GEORGE CARAM STEEH

vs.


D-6 MOHAMAD ABDULAMIR DAHER,

        Defendant.

_____/


ORDER DENYING DEFENDANT'S SECOND MOTION TO MODIFY CONDITIONS OF
PROBATION [#269]

On March 9, 2004, defendant pleaded guilty to conspiracy to violate the Racketeer

Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. § 1962(d). On August 18,

2004, this court sentenced defendant to three (3) years probation, with special conditions

that he serve one hundred and fifty (150) days in a community corrections center, plus

another ninety (90) days home confinement, and $60,000.00 in restitution. The judgment

was entered on August 23, 2004.

On October 8, 2008, defendant filed a motion to modify conditions of probation,

requesting that the court find his restitution to have been satisfied by his payment of

$2,400.00. On November 5, 2008, this court denied defendant's motion to modify

conditions of probation, concluding that "[d]efendant has failed to establish cause for the

relief sought." *See* Dkt. No. 267. On September 17, 2010, defendant filed his second

motion to modify conditions of probation, which is virtually identical to the prior motion to

modify conditions, which this court denied on November 5, 2008.

No authority exists which allows this court to modify the terms of defendant's sentence at this time. Rule 35(a) allows the district court to correct a sentence that resulted from arithmetical, technical, or other clear error within fourteen (14) days of sentencing. Fed. R. Crim. P. 35(a).[1]  Further, to the extent defendant argues that his restitution should be reduced based on his substantial assistance to the government in the prosecution or investigation of another person, the government has not moved for such a reduction under Federal Rule of Criminal Procedure 35(b).  Further, the time for seeking a modification of defendant's restitution obligation on direct appeal has expired. *See* Fed. R. Crim. P. 4(b).

Additionally, defendant's request has no merit.  The Sixth Circuit Court of Appeals has held that "Congress intended restitution to be an independent term of the sentence of conviction, without regard to whether incarceration, probation, or supervised release were ordered.  *United States v. Webb*, 30 F. 3d 687, 690 (6th Cir. 1994).  The fact that defendant's restitution obligation was made a condition of his probation does not change the fact that his restitution is an independent part of his sentence, which survives his three year term of probation.  *Id.* at 691 ("Although the district court no longer has monthly oversight over a defendant's progress toward repayment of restitution, the government may enforce the order of restitution in any way authorized by § 3663(h), including seeking a judgment for criminal default under 18 U.S.C. § 3615.").

Accordingly,

Defendant's second motion to modify conditions of probation is DENIED.

SO ORDERED.

---

[1]  At the time defendant was sentenced, Rule 35(a) required correction within seven (7) days of sentencing.  Rule 35(a) was amended on March 26, 2009.  *See* Fed. R. Crim. P. 35, Advisory Comm. Notes.

Dated:  October 5, 2010

S/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
October 5, 2010, by electronic and/or ordinary mail.

S/Josephine Chaffee
Deputy Clerk